IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-2134-AP

DONITA L. SELF,

       Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

       Defendant.

---

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

---

**1.     APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

For Plaintiff:
Donita L. Self (pro se)
2862 W. Long Dr. Unit D
Littleton, CO 80120
Phone: (303) 589-8943
Email: dself182@hotmail.com

For Defendant:
John F. Walsh
United States Attorney

James L. Burgess
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration-Region VIII
1969 Stout Street, Suite 4169
Denver, CO 80294-4003
Phone: (303) 844-1856
Email: james.burgess@ssa.gov

J. Benedict García
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Email: J.B.Garcia@usdoj.gov

## 2.     STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

## 3.     DATES OF FILING OF RELEVANT PLEADINGS

A.     **Date Complaint Was Filed:** August 9, 2013

B.     **Date Complaint Was Served on U.S. Attorney's Office:** September 6, 2013

C.     **Date Answer and Administrative Record Were Filed:** December 3, 2013

## 4.     STATEMENT REGARDING THE ADEQUACY OF THE RECORD

A.     **Plaintiff's Statement:** "I do not feel that the record is adequate only because of the lack of understanding the medical field has today on the planet about Chiari II/Occult tethered cord.    statements such as 'I don't think....' that countless ignorant doctors wrote in my record and  which the ALJ has based his decision do actually prove THE DOCTORS IGNORANCE HOWEVER, THE ALJ was unable to ascertain those facts from the record THEREFOR MAKING THEM INADEQUATE."

B.     **Defendant's Statement:** To the best of the Commissioner's knowledge, the administrative record is complete and accurate.

## 5.     STATEMENT REGARDING ADDITIONAL EVIDENCE

A.     **Plaintiff's Statement:** "Additional evidence would be to subpoena Kaiser Admin and Dr. Saul Schwarz if necessary to show how I was stuck in a low income based insurance policy and was actively pursuing an appeal to be allowed to be seen by a doctor at The Chiari Institute, or any other provider with actual experience in her condition, Chiari II/Occult Tethered Cord, a rare neurological condition.  The additional evidence would be to prove that the record becomes adequate upon the understanding of the ignorance surrounding Chiari II occult tethered cord and what the ALJ failed to do and why she is asking them to please review his decision."

B.     **Defendant's Statement:** The Commissioner does not anticipate submitting additional evidence.  The Commissioner reserves the right to oppose any motions or requests for subpoenas from Plaintiff that exceed the Court's review authority under 42 U.S.C. 405(g).

**6.   STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

A.   **Plaintiff's Statement:**  "As far as 'Unusual Claims and defense,' my elementary understanding limits me from fully being able to understand if in fact my case falls under this.  My take home message would be that the ALJ judge based his decision upon a doctor's 'I dont think...' AND THAT I WANT THE COURT TO SEE IT FOR WHAT IT IS, A DOCTOR WHO HAD NO CLUE AS TO HOW TO TREAT MY CONDITION, AND WHO IS was ALSO THE IDIOT WHO CLAIMED IT WAS RESOLVED IN HER MEDICAL RECORDS. (DR. SCHWARZ CLAIMED THAT AND CHIARI IS IMPOSSIBLE TO RESOLVE).  AND HOW THE ALJ JUDGE OVERLOOKED OR DISMISSED ACTUAL RECORDS FROM DOCTORS WITH KNOWLEDGE OF CHIARI THAT ARE WORLD RENOWN EXPERTS IN CHIARI.  AND THAT THE ALJ JUDGE ALSO WENT AGAINST WHAT HIS OWN VOCATIONAL EXPERTS TESTIMONY IN HIS DECISION.  AND AGAINST ALL OF MS. SELF'S TESTIMONY AND EVIDENCE SUBMITTED IN EFFORTS TO EDUCATE HIM ABOUT CHIARI."

B.   **Defendant's Statement:**  The Commissioner, to the best of her knowledge, does not believe this case raises unusual claims or defenses.

**7.   OTHER MATTERS**

There are no other matters anticipated.  Plaintiff's current claim does not involve any prior judicial proceedings.

**8.   BRIEFING SCHEDULE**

Plaintiff and counsel for the Commissioner agree to the following proposed briefing schedule:

A.   **Plaintiff's Opening Brief Due:**  February 3, 2014

B.   **Defendant's Response Brief Due:**  March 13, 2014

C.   **Plaintiff's Reply Brief (If Any) Due:**  March 31, 2014

The parties have agreed to extend the deadline for Defendant's brief due to Defendant's counsel's briefing schedule.

**9.     STATEMENTS REGARDING ORAL ARGUMENT**

A.      **Plaintiff's Statement:**  Plaintiff does not request oral argument.

B.      **Defendant's Statement:**  Defendant does not request oral argument.

**10.     CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

All parties have <u>not</u> consented to the exercise of jurisdiction of a United States Magistrate Judge.

**11.     AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.*

DATED this 18th day of December, 2013.

BY THE COURT:


*s/John L. Kane*
U.S. DISTRICT COURT JUDGE

APPROVED:

JOHN F. WALSH
UNITED STATES ATTORNEY

J. Benedict García
Assistant United States Attorney

s/ Donita L. Self

2862 W. Long Dr. Unit D
Littleton, CO 80120
Phone: (303) 589-8943
Email: dself182@hotmail.com
*Plaintiff pro se*

s/ James L. Burgess

Special Assistant United States Attorney
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration-Region VIII
1961 Stout Street, Suite 04169
Denver, CO 80294-4003
Phone: (303) 844-1856
Email: james.burgess@ssa.gov
*Counsel for Defendant*